UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SERAFINA LICCARDI, § § Plaintiff, § § v. § § DELTA PERSONNEL/DELTA § STAFFING SERVICES, et al., § § Defendants. § | No. 3:16-CV-2537-S (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a motion to dismiss Plaintiff's Fourth Amended Complaint, filed by Defendants Delta Personnel/Delta Staffing Services, Rose Lyskowski, and Stanley Lyskowski a/k/a Stan Pierce. For the reasons stated, the District Court should **GRANT** Defendants' Motion [ECF No. 71] and dismiss Plaintiff's claims with prejudice.

**Background**

Plaintiff, proceeding *pro* se, filed this lawsuit on September 2, 2016. *See* Compl. [ECF No. 3]. Her Original Complaint consisted entirely of the following:

(1) Frauds and Swindles – Title 18 Part I Chapters 63 Section 1341[;]

(2) Conversion – Theft – Embezzlement – Title 18 US Code I Chapter 31 Section 664[;]

(3) Violation of Civil Rights – Title 42 US 1981A[;]

1

(4)   Breach of Employment – US Code 6503[;]

(5)   Wage Payment and Collection – NJSA 34.11-4.7[;]

(6)   Coercion – Title 42 Chapter 126 Subchapter IV Section 12203[;]

(7)   Conceal – Title 42 Chapter 46 Subchapter XI Section 3795A[;]

(8)   Unjust Enrichment[;]

(9)   Repeated, deliberate and intentional discrimination and violation of [Plaintiff's] civil rights[;]

(10)  Deliberate and intentional withholding of commissions for the purpose of investment over 30 years[;]

(11)  Deliberate and intentional attempt to exclude or alienate in order to withhold monies and claim financial gain[;]

(12)  Deliberate and intentional attempt to keep secret[;]

(13)  Deliberate intent to never pay[;]

(14)  Deliberate and intentional attempt to conceal records[;] and

(15)  Repeated, deliberate and intentional infliction of emotional distress and financial injury.

Compl. 1 [ECF No. 3].

Plaintiff subsequently amended her Complaint four times. On more than one occasion, the District Court advised Plaintiff that her pleadings failed to meet the standards established by the Federal Rules of Civil Procedure. *See* Orders [ECF Nos. 36 & 46].

By her Fourth Amended Complaint, which is the operative pleading in this

2

case, Plaintiff asserts claims against Defendant Delta Personnel/Delta Staffing Services, a family business, owned by her mother and step-father, Defendants Rose Lyskowski and Stanley Lyskowski. *See* 4th Am. Compl. 2 [ECF No. 70]. Plaintiff alleges that Defendants failed to "ever pay commissions, investments or inheritance and have no intention to do so." *See* 4th Am. Compl. 4. Plaintiff further alleges that Defendants "have stolen [Plaintiff's] inheritance and are now trying to convert and embezzle a lifetime of [Plaintiff's] investments in the approximate amount of $100,0000.00 [sic] for themselves," and that her mother and stepfather "both are discriminating against [Plaintiff] for their own personal reasons as they both clearly stated in the letter of secrecy to [Plaintiff's] siblings." *See* 4th Am. Compl. 9.

Based on Defendants' conduct, Plaintiff asserts the following apparent causes of action: (1) "Title 41 U.S. Code 6503(e) – Breach or violation of required contract terms," (2) "Title 42 U.S. Code 3795A – Concealment of Records," (3) "Title 18 U.S. Code 1, Chapter 63 Section 1341 – Frauds and Swindles," (4) "Title 18 U.S. Code 1, Chapter 31 Sections 664 & 665 – Theft, Conversion and Embezzlement," (5) "Title 42 Chapter 126 Subchapter IV, Section 12203 – Prohibition against Retaliation and Coercion," and (6) "Title VII of the Civil Rights Act of 1964 and Title 42 U.S. Code 12101; CFR 28 Parts 35 & 36 regulation – Discrimination and Violation of Civil Rights for the Unlawful Harassment by

3

Economic Injury." *See* 4th Am. Compl. 6. Plaintiff alleges she is entitled to $20,000 in real estate inheritance, and she is owed at least $100,000 in unpaid investment commissions. *See* 4th Am. Compl. 4. Plaintiff further seeks $1,000,000 in other damages. *See* 4th Am. Compl. 5.

Defendants argue that Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 41(b), because Plaintiff continues to disregard the District Court's order that directed her to take all of her "fragmented and multiple pleadings" and assemble them into "one pleading," so that the Court and Defendants are able to "ascertain from one pleading whether Plaintiff has stated at least one claim on which relief can be granted." Mot. 2 [ECF No. 71]; Order 2 [ECF No. 36]. Defendants argue that Plaintiff "has added 'cryptic' statutes to further harass, delay and confuse Defendants and the Court," and as a "bad-faith [attempt] to defy Defendants and the Court." Mot. 3 [ECF No. 71]. Defendants further argue that Plaintiff "insists on pleading and filing cryptic, conclusory statements with the Court," despite the District Court's instruction to Plaintiff to allege "enough facts to state a claim to relief that is plausible on its face." *See* Mot. 3 [ECF No. 71]; Order 1 [ECF No. 46]. Defendants ask that the Court dismiss Plaintiff's Fourth Amended Complaint with prejudice under Rule 41(b), because Plaintiff acted in bad faith and failed to comply with the Court's orders. *See* Mot. 3.

Defendants also argue that Plaintiff's Fourth Amended Complaint should

be dismissed under Rule 12(b)(6), because it is completely inadequate and fails to state a claim upon which relief can be granted. *See* Mot. 3-4. Defendants argue that "[a]fter one year of litigation, Plaintiff still alleges cryptic, nonsensical, conclusory sentences to support her alleged lawsuit against Defendants." Mot. 4. Defendants further argue, in the alternative, that Plaintiff's claims should be dismissed as barred by the statute of limitations, because Plaintiff alleged in prior pleadings that her allegations are related to conduct that took place over 29 years ago. *See* Mot. 4-5. Defendants argue, as a second alternative, that Plaintiff's claims against Rose and Stan Lyskowski should be dismissed, because Plaintiff has not pled, and is not able to plead, that they used Delta Personnel/Delta Staffing as a sham entity to perpetrate a fraud upon Plaintiff. *See* Mot. 5.

Plaintiff filed her response to Defendants' Fourth Amended Motion to Dismiss [ECF No. 76] on November 2, 2017. This response was stricken by the Court as untimely. *See* Order [ECF No. 92]. Plaintiff's subsequent motion for leave to file the response out of time was granted by the Court, but Plaintiff's request to hold a hearing on Defendants' Fourth Amended Motion to Dismiss was denied. *See* Order [ECF No. 92]. Defendants did not file a reply to Plaintiff's November 2, 2017 response to their motion to dismiss, prior to the Court's May

5

15, 2018 Order striking Plaintiff's response as untimely.[1] However, on May 29, 2018, Defendants filed a motion for leave to file a reply to their motion to dismiss [ECF No. 94], which was granted by the Court. Therefore, this matter is now ripe for adjudication.

## Legal Standards and Analysis

Because Defendants' Fourth Amended Motion to Dismiss should be granted pursuant to Rule 12(b)(6), the Court begins—and ends—its consideration of Defendants' motion on that ground.

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to

---

[1] The Clerk's office re-filed the response attached as an exhibit to Plaintiff's motion for leave to file her response out of time [ECF No. 79-1], after the Court granted Plaintiff's motion. *See* Resp. [ECF No. 93]; Order [ECF No. 92].

infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d at 210 (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). In addition, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

"On a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record." *Herrera v. Wells Fargo Bank, N.A.*, 2013 WL 961511, at *2 (S.D. Tex. Mar. 12, 2013) (citing *Lone Star Fund V (U.S.), LP v. Barclays*

7

*Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994); *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)). "Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment." *Id.* (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011)). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.* (citing Fed. R. Evid. 201(b)).

Upon review of Plaintiff's Fourth Amended Complaint, the Court agrees with Defendants that the pleading "is grossly deficient and fails to state any kind of claim [to] which relief would be plausible." Defs.' Br. 15 [ECF No. 72]. The Court further agrees with Defendants that Plaintiff's allegations are "cryptic," to the extent that it is "impossible for Defendants or the Court to ascertain with any reasonable certainty which elements or claims Plaintiff is alleging against Defendants." Defs.' Br. 15. Although Plaintiff lists multiple causes of action in her Fourth Amended Complaint, her pleading fails to provide any factual basis for these causes of action against Defendants. Indeed, Plaintiff has failed to allege the

8

basic facts necessary to maintain any claims against any of the Defendants under the standards set forth in *Trombly* and *Iqbal*. *See* Defs.' Br. 16.

To the extent Plaintiff attempts to assert a claim for unpaid commissions, the Fourth Amended Complaint fails to allege basic facts necessary to state a claim, including: (1) the person or persons who were responsible for paying the commissions she seeks; (2) the amount of commissions that are owed; (3) how these commissions were earned and calculated; (4) when the commissions were earned and were supposed to be paid; (5) her percentage of the investment interest in the business; (6) a general description of her investment interest in the business, such as stock, limited partnership, or limited liability company; and (7) a description of the agreements or documents that support her claims for the commissions or ownership interest. *See* Defs.' Br. 15-16.

The Fourth Amended Complaint similarly fails to provide any factual support or details regarding her inheritance allegations, such as: (1) the name and date of death of the deceased person from whom she claims to be entitled to an inheritance or the name of his or her estate; (2) the amount of inheritance owed; (3) the estate's executor's name; (4) Plaintiff's relationship to the deceased person or the deceased person's estate; (5) when the inheritance was supposed to be paid out; or (6) any descriptions of the will or testamentary papers that would support her claim to the inheritance. *See* Defs.' Br. 16. In the absence of such

9

basic facts, the Court finds that Plaintiff has failed to state a claim for relief.

Plaintiff argues in her response to Defendants' motion that she "amended [her] complaint and always explained all of [her] statements and supported them with evidence." Resp. 6 [ECF No. 93]. Plaintiff argues that she has "not changed [her] claim [from that asserted in the Original Complaint], only the verbiage or format in order to clarify." Resp. 6. Plaintiff further contends that she "corrected [her] claim in order to clarify a Breach of Contract [claim] according to the Court Orders." Resp. 6. Plaintiff argues that her Fourth Amended Complaint "pleads more than sufficient facts demonstrating a plausible claim for relief." Resp. 7. However, Plaintiff's arguments, which are not supported by the Fourth Amended Complaint itself, cannot save her deficient pleading.

Plaintiff has been given four opportunities to amend her Complaint. On January 3, 2017, the District Court, in granting her leave to file her Second Amended Complaint, specifically instructed Plaintiff to file one pleading from which the Court could ascertain whether Plaintiff has stated at least one claim upon which relief can be granted. *See* Order 1-2 [ECF No. 36] ("[R]ather than attempt to evaluate on the basis of Liccardi's fragmented and multiple pleadings whether she has stated a claim on which relief can be granted, the court will grant her leave to file a second amended complaint. . . . [which] will enable defendants and the court to ascertain from one pleading whether Liccardi has stated at least

one claim on which relief can be granted."). Furthermore, on May 3, 2017, the District Court, granted Defendants' February 14, 2017 Second Amended Motion to Dismiss "based on plaintiff's failure to state a claim to which relief can be granted," and did "not reach defendants' alternate argument[s] based on the affirmative defense of limitations . . . [and] Fed. R. Civ. P. 41(a)." Order 1 [ECF No. 46]. The District Court noted that Plaintiff's Second Amended Complaint was "conclusory and d[id] not satisfy the standards for stating a plausible claim," and in giving her an opportunity to file a Third Amended Complaint, specifically advised her that, in order to survive Defendants' Rule 12(b)(6) motion, Plaintiff must "allege 'enough facts to state a claim to relief that is plausible on its face.'" Order 1 [ECF No. 46] (quoting *Twombly*, 550 U.S. at 570).

After the District Court's repeated, specific notices to Plaintiff as to what constitutes a sufficient pleading, on September 19, 2017, Plaintiff was given permission to file her Fourth Amended Complaint. *See* Order [ECF No. 69]. However, the Fourth Amended Complaint still fails to state a claim for relief that is plausible on its face. Although the Court has construed Plaintiff's pleadings liberally, given her *pro se* status, Plaintiff is not exempt from complying with the most fundamental rules of procedural and substantive law. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and

11

substantive law. . . . Rather, such a litigant acquiesces in and subjects himself to the established rules of practice and procedure.") (citations omitted). Therefore, Plaintiff's Fourth Amended Complaint should be dismissed with prejudice under Rule 12(b)(6).

The Court recommends that Plaintiff not be given any further opportunities to amend, because it would be futile. Plaintiff has been given multiple opportunities to state a claim for relief. There is no reason to believe Plaintiff has not already alleged her best case. Giving Plaintiff a fifth opportunity to state a claim for relief will only further prolong this litigation and cause prejudice to Defendants. *See Xiumin Li v Genentech, Inc.*, 2017 WL 6886720, at *13 (N.D. Tex. Dec. 20, 2017) ("Courts, nonetheless, may appropriately dismiss an action with prejudice without giving an opportunity to amend when it finds that the plaintiff has alleged his or her best case." (citing *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999))).

### Recommendation

The District Court should GRANT Defendants' Fourth Amended Motion to Dismiss [ECF No. 71], and dismiss this case with prejudice.

**SO RECOMMENDED**.

July 25, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).